|   |   |
|---|---|
| 1 | |
| 2 | **UNITED STATES DISTRICT COURT** |
| 3 | |
| 4 | **FOR THE EASTERN DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| **LAURA CERVANTES,** | 1:18-cv-00629-LJO-SKO |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS** |
| v. | |
| **HANFORD POLICE OFFICER JON CHAVEZ; UNKNOWN LAW ENFORCEMENT OFFICERS,** | (ECF No. 11) |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Laura Cervantes ("Cervantes" or "Plaintiff") bring this action against Defendant Hanford Police Officer Joshua Chavez ("Chavez" or "Defendant"), sued and served as Jon Chavez, and Does 1 to 100. This action stems from Cervantes' arrest and detention made on the basis of mistaken identity. Now before the Court is Defendant's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

## II. BACKGROUND

### A. Factual Background

Plaintiff is a 49 year old woman who resides in Avenal, California. Complaint ("Compl.") ¶ 7, ECF No. 1. On the afternoon of May 4, 2017, Plaintiff was driving in Hanford, California, when Officer Chavez pulled her over because she did not have current vehicle registration stickers displayed on her license plate. *Id.* ¶ 8. After she was pulled over, Cervantes explained that she had paid for her 2017 registration, but had forgotten to affix the sticker to her license plate. *Id.* ¶ 9.

Officer Chavez then asked Cervantes if she had ever been arrested in Los Angeles County. *Id.* ¶

1

10. Cervantes explained that on or about December 15, 2016, she was detained by airport officials while they confirmed that she was not Laura Alicia Cervantes, a person wanted in Los Angeles County pursuant to an active arrest warrant for practicing medicine in the Los Angeles area without a license. *Id.* Cervantes explained to Chavez that airport officials had been satisfied that she was not the person wanted in Los Angeles County after confirming that, unlike the true subject of the warrant, Cervantes had no middle name and that the rest of her basic information did not match the subject of the Los Angeles County warrant. *Id.* Officer Chavez insisted that Cervantes was the subject of the Los Angeles County warrant and did not take the basic steps to compare Cervantes' other basic information with that of the warrant's true subject. *Id.* ¶¶ 11-12.

Cervantes was arrested and taken to the Kings County Jail, where she was fingerprinted, photographed, strip searched, and detained for approximately ten hours before posting bail. *Id.* ¶ 12. Cervantes received a judicial clearance on May 17, 2017, prior to her scheduled court date, when a Los Angeles County Superior Court Judge determined that she was not the true subject of the warrant. *Id.* ¶ 16.

**B.      Procedural History**

Plaintiff filed this action on May 7, 2018, alleging one cause of action for unlawful detention and false arrest under 42 U.S.C. § 1983. ECF No. 1.

Defendant Chavez moved to dismiss the complaint for failure to state a claim, arguing that there was no constitutional violation and that the suit was barred by qualified immunity. ECF No. 11. Plaintiff opposed the motion. ECF No. 13. Defendant submitted a reply. ECF No. 14. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's federal law claim. Venue is proper in this Court. This matter is now ripe for review and is suitable for disposition without oral argument. *See* Local Rule 230(g).

### III. STANDARD OF DECISION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the

sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain

recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim. "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

### A. 42 U.S.C. § 1983: False Arrest

"In a case of mistaken identity, 'the question is whether the arresting officers had a good faith, reasonable belief that the arrestee was the subject of the warrant.'" *Sharp v. Cty. of Orange*, 871 F.3d 901, 910 (9th Cir. 2017) (quoting *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014)). "[W]hen the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." *Hill v. California*, 401 U.S. 797, 802 (1971). The constitutionality of the arrest thus turns on the reasonableness of the arresting officer's mistake.

Taking the facts in the light most favorable to Plaintiff, the Court cannot say that the officer's actions were reasonable as a matter of law. Plaintiff alleges that she was arrested based solely on the fact that she shared the same first and last name as the warrant subject. Plaintiff alleges that the officer either knew that her other basic information did not match that of the warrant subject or, at a minimum, failed to confirm whether it did or not before arresting her. Other circumstances relevant to the arrest should have called into question whether Plaintiff was the true subject of the warrant, such as the fact that she was stopped for an entirely unrelated (and unremarkable) offense almost 200 miles from where a warrant of arrest was issued, and that the government issued identification indicated that she did not have a middle name, unlike the warrant which indicated that the true subject was named Laura *Alicia*

Cervantes. Defendant is correct that officers are not required by law to investigate claims of mistaken identity by an arrestee. *Rivera*, 745 F.3d at 389 (citing *Hill*, 401 U.S. at 389). However, here the Court cannot say, based on Plaintiff's allegations, that the officer acted reasonably as a matter of law. *See Simons v. County of Marin*, 682 F. Supp. 1463, 1472 (N.D. Cal. 1987) (denying summary judgment on the grounds that a mistaken arrest based solely on a matching name could be unreasonable). Plaintiff alleges that Officer Chavez arrested Plaintiff based solely on the fact that she shared the same first and last name as the warrant subject and without taking *any* steps to confirm that other basic information matched the warrant. A reasonable trier of fact could conclude that the officer's conduct was unreasonable if it found those allegations to be true. Therefore, the Court cannot conclude as a matter of law that Plaintiff has not alleged a constitutional violation.

**B.     Qualified Immunity**

Qualified immunity is an affirmative defense that "shield[s] an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." *Pearson v. Callahan*, 555 U.S. 223, 244 (2009). The doctrine "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* at 231 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Further, it "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* Because qualified immunity is an affirmative defense, the defendant bears the burden of establishing entitlement to it. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The burden lies with Plaintiffs to prove "that the right allegedly violated was clearly established at the time of the official's allegedly impermissible conduct." *Camarillo v. McCarthy*, 998 F.2d 638, 640 (9th Cir. 1993).

To determine whether officers are entitled to qualified immunity, a court conducts a two-step inquiry. The first step is to analyze "whether the plaintiff's allegations, if true, establish a constitutional violation." *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003) (citations omitted). If the alleged conduct would not be considered violative, the inquiry stops and the defense of qualified immunity applies. *See id*.

Under the second step, "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 555 U.S. at 231. To be a clearly established constitutional right, a right must be sufficiently clear "that every reasonable official would [have understood] that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (citation and internal quotation marks omitted). "[T]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202; *see also Walker v. Gomez*, 370 F.3d 969, 978 (9th Cir. 2004). This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* at 201.

However, "closely analogous preexisting case law is not required to show that a right was clearly established." *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1109 (9th Cir. 2011) (internal citations and quotations omitted). While "there must be some parallel or comparable factual pattern[,] . . . the facts of already decided cases do not have to match precisely the facts with which [the government employer] is confronted." *Id*. Rather, the preexisting case law must have provided fair warning that the complained-of conduct was unlawful. *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1136-37 (9th Cir. 2003) (citation omitted). "Ultimately, the 'clearly established' prong of the qualified immunity test shows deference towards the actions of government officials, but does not shield individuals who are 'plainly incompetent or those who knowingly violate the law.'" *Reza v. Pearce*, 798 F.3d 881, 890 (9th Cir. 2015) (citation omitted).

In *Pearson*, the Supreme Court held that while it is "often beneficial" to address the two steps of

the inquiry in the order prescribed above, it is not mandatory. 555 U.S. at 236. District courts have discretion in deciding which of the two prongs should be addressed first "in light of the circumstances in the particular case." *Id.*

Here, the Court has already determined that the facts, taken in the light most favorable to Plaintiff, establish a constitutional violation. Therefore, the only question that remains under the second prong of the qualified immunity test is whether that the right to be free from unlawful arrest on the basis of mistaken identity was clearly established at the time of the incident. It is well established that arrest based on mistaken identity is unconstitutional if the arresting officer does not have a good faith and reasonable belief that the individual is the true subject of the warrant. *Rivera*, 745 F.3d at 389. Furthermore, no officer could conclude that arresting someone simply because their first and last name match the first and last name of the subject of an arrest warrant, without any more evidence linking the individual to the subject, is reasonable. Courts in this Circuit have concluded that an officer acted reasonably as a matter of law in arresting the wrong person where the officer relied on multiple factors or circumstances that, when combined, led to a reasonable and good faith belief that the individual was the true subject of the warrant. *See, e.g.*, *Rivera*, 745 F.3d at 389 (name and date of birth matched); *Neylon v. Cty. of Inyo*, No. 1:16-CV-0712 AWI JLT, 2018 WL 3740535, at *7 (E.D. Cal. Aug. 3, 2018) (similar physical description and the arrestee's name and birthdate matched one of the target subject's aliases); *Bennett v. San Francisco Bay Area Rapid Transit (BART)*, No. C 09-0515 MHP, 2010 WL 3749415, at *6 (N.D. Cal. Sept. 23, 2010) (name and date of birth matched); *see also Hill*, 401 U.S. at 803-04 (physical description and location matched). However, the quantum of evidence linking the arrestees to the warrant subjects in each of those cases was much greater than the evidence linking Plaintiff to the warrant subject in this case. Here, Plaintiff alleges that the only matching information was her first and last name. A reasonable belief that an individual is the true subject cannot be formed based solely on the fact that the arrestee and the subject share a first and last name, particularly where those names are relatively common, as they are here. *See Simons*, 682 F. Supp. at 1472 (denying

7

summary judgment on the grounds that a mistaken arrest based solely on a matching name could be unreasonable, noting that "there was little if any reason, other than a superficial congruence of names, to believe that the plaintiff was in fact the man sought by the warrant."); *Gregory v. City of Palo Alto*, No. C-94-20008-JW, 1995 WL 419738, at *4 (N.D. Cal. July 11, 1995) (denying summary judgment where officer relied solely on faulty fingerprint analysis and similar birth date). It is clearly established that a mistaken identity arrest based on "superficial congruence of names" alone is unreasonable. *Simons*, 682 F. Supp. at 1472. Accordingly, the Court cannot determine that Defendant is entitled to qualified immunity as a matter of law at this stage.

## V. CONCLUSION AND ORDER

For the reasons stated above, Defendant's motion to dismiss the complaint is DENIED.

IT IS SO ORDERED.

Dated: **October 22, 2018**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE